UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. |
| | : | |
| v. | : | |
| | : | |
| **RUQIYA AKHDAR,** | : | <u>UNDER SEAL</u> |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

### GOVERNMENT'S MOTION TO SEAL THE INFORMATION AND OTHER PLEADINGS, RECORDS, AND FILES, AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL AND ALL RELATED MATTERS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying information, as well as all future pleadings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal any and all related matters. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to a one count criminal information charging bank fraud. A copy of the information is attached hereto as Exhibit A.

The sealing is necessary because the attached pleading and future pleadings, including the plea agreement and statement of offense, contain sensitive information, the disclosure of which would not be in the interest of the defendant, the government, or the public.

As part of her plea agreement, the defendant has agreed to cooperate with the government. Accordingly, it is essential that any information concerning the fact of her pleading guilty be kept sealed for the time being.

1

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, law enforcement officials, and innocent third parties at substantial risk; (2) alerting a potential target of the investigation, thereby causing the cooperating defendant to be reluctant to continue her cooperation; and (3) causing potential witnesses and the target to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators in general, and the government has reason to believe that the target has, at a minimum, presently has both the motive and means (weapons) for violent resistance or reprisal.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. It is common knowledge to criminals operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings itself is likely to compromise any ongoing criminal and grand jury investigation, and presents a substantial risk to the personal safety of cooperating individuals, law enforcement officials, and, in some cases, innocent bystanders taking part in the investigation.

Accordingly, the government submits that these facts present a compelling governmental interest that justifies not only the sealing of all pleadings, records, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to the personal safety of cooperating individuals no longer exists; and (2) the

government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case.  See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

Defense counsel, Jonathan Jeffress, has been advised of the contents of this motion and has informed the undersigned prosecutor of his support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
CHAD SARCHIO
DC Bar No. 459098
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC  20530

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of this motion to be served by mail on counsel for the defendant, Jonathan Jeffress, 625 Indiana Ave., N.W., Ste. 550, Washington, DC  20004, on the eighteenth day of May, 2005.

_____
CHAD SARCHIO
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. |
| | : | |
| v. | : | |
| | : | |
| RUQIYA AKHDAR, | : | UNDER SEAL |
| | : | |
| Defendant. | : | |
| _____ | : | |

### ORDER

Based on the representations in the government's motion to seal the accompanying information, as well as all other pleadings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters, this Court makes the following:

### FINDINGS OF FACT

Pursuant to a plea agreement in this case, the defendant has agreed to cooperate with the United States in an ongoing criminal/grand jury investigation.

The general public is not aware that the defendant has agreed to cooperate with the United States in this ongoing investigation.

The defendant's cooperation poses a substantial risk to the personal safety of the defendant and other law enforcement officials.

The public docketing at this time of any notice that the government has filed a motion to seal the plea agreement and other pleadings, records, and files and to delay entry on the public docket of the filing of this motion to seal, as well as the Order granting such motion, will likely substantially

jeopardize an ongoing criminal investigation and place the personal safety of parties involved in the investigation, as well as innocent bystanders, at substantial risk.

Based on the representations in the government's motion, and this Court's findings of facts, this Court finds that there is a compelling governmental interest in sealing the existing and future pleadings, records and files in this case and that an extraordinary situation exists that justifies a delay in the public docketing of any notice that the government's motion and this Order have been filed with the Criminal Clerk's office under seal.

Based on the above, it is this _____ day of May 2005 hereby

ORDERED that this Order, and the attached government motion to seal the information and other pleadings, records, and files and to delay entry on the public docket of the filing of this motion to seal with exhibits shall be filed under seal in the Criminal Clerk's office until further order of this Court.

It is further

ORDERED that the information and all future pleadings, records and files in this case shall be placed under seal by the Criminal Clerk's office until further order of this Court.

It is further

ORDERED that the Criminal Clerk's office shall not make any entry on the public docket in this case of the information, the government's motion to seal and the Order granting such motion, and other pleadings filed under seal in this case until further order of this Court.

It is further

ORDERED that notwithstanding the other provisions of this ORDER, the government shall be permitted to request a transcript of the plea proceedings in this case, the Court Reporter shall be permitted to prepare such a transcript and provide it to the government, and there may be a limited

lifting of this sealing order to allow the government to comply with noticing and publishing requirements to effectuate any consent order of forfeiture that may be filed as part of this case, or to comply with its discovery, Giglio and Brady obligations in any pending criminal case in which the defendant herein may be called as a witness.

It is further

ORDERED, that the government notify the Court as soon as the need for sealing no longer exists.

_____
United States District Court Judge/Magistrate Judge
for the District of Columbia