UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Criminal No.:  05-181-01 (HHK) |
| v. | : |
| RUQIYA R. AKHDAR | : |
| | : Sentencing: August 30, 2006 |
| Defendant. | : |

## GOVERNMENT'S MOTION UNDER U.S.S.G. § 5K1.1

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion pursuant to U.S.S.G. § 5K1.1.  That provision authorizes the Court, upon motion of the government, to impose a sentence below the minimum which would otherwise be recommended by the sentencing guidelines.  On June 8, 2005, Ruqiya R. Akhdar pled guilty to a criminal information charging her with one count of bank fraud, in violation of Title 18, U.S.C. Code § 1344.  Under the plea agreement, the government calculated the offense level at 13 (12 to 18 months) with a possible 5K1.1 motion if Akhdar provided "substantial assistance."  The United States submits this motion because Akhdar rendered substantial assistance in the prosecution of her co-defendant, Kenneth Baker CR-05-364 (EGS).

On March 22, 2006, the day of trial, defendant Baker pled guilty to the Indictment (Counts I-V), after rejecting a plea agreement.  The defendant admitted guilt to five counts relating to the unauthorized transfer of funds from Doris Medley's SunTrust Bank account:  A) Bank Fraud, Aiding and Abetting and Causing and Act to be Done, in violation of 18 U.S.C. §§ 1344(1) and 2 (Count

I); B) Money Laundering, Aiding and Abetting and Causing an Act to be Done, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i)and 2 (Counts II and III); C) Interstate Transportation of Stolen Property, Aiding and Abetting and Causing an Act to be Done, in violation of 18 U.S.C. §§ 2314(1) and 2 (Count IV); and D) First Degree Fraud, in violation of 22 D.C. Code §§ 3221(a), 3222(a)(1), and 1805 (2005 ed.)(Count V).

Baker's scheme began in February 2004 when the 41 year-old Baker worked as an investment advisor at SunTrust Bank. A co-worker asked Baker to help Doris Medley, an 87-year old woman with no immediate family, manage her finances. The co-worker warned Baker that Ms. Medley's age made her particularly vulnerable to financial scams; that she had recently been defrauded; and that Baker should not close out any of her accounts or go to her home because she might become confused.

Baker visited Ms. Medley's home the following day, spoke with her about her savings, and delivered groceries to her. While speaking to Ms. Medley in her living room, Baker stole a blank check from her checkbook. Later that day, Baker called SunTrust and using his position caused the bank to transfer $96,000 from Ms. Medley's money market account into her checking account. The $96,000 comprised virtually all of Ms. Medley's life savings. By the close of business on February 19, 2004, Baker and his then 23 year-old friend Ruqiya Akhdar used the stolen check to open a checking account in Akhdar's name at SunTrust. The two deposited the $96,000 into the account, falsely informing SunTrust employees that Akhdar was Medley's "granddaughter." The two immediately withdrew $3,000 in cash from the account.

Baker continued to withdraw Ms. Medley's funds via the Akhdar checking account, calling SunTrust before each withdrawal to make sure that the branch had enough currency on hand. On

February 20, 2004, two days after Baker first met Ms. Medley, Baker and Akhdar withdrew an additional $9,000 in cash from the account. A week later, the two withdrew an additional $25,000 in cash, this time claiming that Akhdar was Medley's "niece" and that she was using the cash "to start a daycare center." On the same day, after Akhdar said that she would no longer participate in the scheme, Baker transferred the balance of the checking account into an account in Ms. Medley's name. In the end, Baker took $37,000 from Ms. Medley. Because of his position with SunTrust, Baker was clearly the leader of this scheme. The evidence indicates that his accomplice, Akhdar, received none of the stolen money.

Sixteen months later, Baker pled guilty to all five counts in the indictment, admitting that the entire course of conduct was a scheme to defraud Ms. Medley.

Akhdar expressed an interest in cooperating from early on in the case, while co-defendant Baker fought the charges until the day of trial. On April 30, 2004, Akhdar provided a signed statement to the FBI admitting to this crime. On May 10, 2005, approximately one month before her guilty plea, Akhdar testified to the grand jury investigating the matter. While the government was preparing for trial, Akhdar met with the government whenever she was asked to do so. After defendant Baker's plea, Akhdar agreed to testify at his sentencing hearing. On July 18, 2006, Akhdar testified before Judge Emmet G. Sullivan. While sentencing Baker to 51 months incarceration (10 months more than the government requested), Judge Sullivan credited Akhdar's testimony. Without Akhdar's cooperation and plea, it is much less likely that Baker would have entered a guilty plea. Without Akhdar's credible testimony at sentencing, it is doubtful that the defendant would have received the substantial sentence he received.

The United States has carefully considered the nature and extent of Akhdar's assistance and the decision to file this motion for departure from the guidelines represents the assessment by the United States of the overall nature of the assistance which Akhdar provided. In reaching this conclusion, the United States accounted for the substantial assistance provided by Akhdar, the lesser culpability of Akhdar as compared to co-defendant Baker and the fact that Akhdar's assistance was provided at critical junctures that significantly advanced the case's development and resolution in a manner favorable to the prosecution. In addition, Akhdar had no prior convictions and is the married mother of two young children. Based on it's assessment, the United States respectfully submits to the Court that a downward departure from the U.S.S.G. of three levels to Offense Level 10, resulting in a range of 6 to 12 months, would be appropriate.

WHEREFORE, the United States respectfully submits that the nature, extent and value of Akhdar's assistance would justify a departure by the Court from the guidelines, and respectfully requests that the Court sentence Akhdar in the range of 6 to 12 months.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY


By:_____
ROY L. AUSTIN, JR.
Assistant United States Attorney
Fraud and Public Corruption Section
CA Bar #211491
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 353-9458


By:_____
BARBARA E. KITTAY
Assistant United States Attorney
Federal Major Crimes Section
D.C. Bar #414216
555 Fourth Street, N.W.
Washington, D.C. 20530